BENJAMIN G. SIMMONS et al. *vs.* WILLIAM PICKETT.

The exception contained in the statute of limitations of 1822, (Rev. Code, 184, § 7,) in favor of minors and *femes covert*, has not been repealed by the act of limitations of 1844, and they are still entitled to the exception.

*White* v. *Johnston*, 1 Cushman's R. 68, cited and confirmed by the court.

IN error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

This was an action *ex delicto* in case and trover, founded on alleged causes of action arising during the period from 1840 to 1849. The defendant plead, 1. The general issue, with a conclusion to the country; 2. The statute of limitations of three years.

The plaintiffs to the second plea interposed two replications, 1. By the first, they traverse the plea as to so much of the cause of action as accrued subsequent to the 25th day of January, 1846, and conclude to the country. 2. As to the causes of action arising prior to the 25th day of January, 1846, they by their second replication allege, in avoidance of the plea, that one of them was a *feme covert*, and the others infants until within three years. To this second replication there was a general demurrer for the defendant, which was sustained by the court; and the plaintiffs refusing to plead further, judgment was rendered in favor of the defendant.

The issues joined were found for the defendant, subject to the decision of this court on the demurrer, by consent. Such is the case presented by the record.

*Burrus & Dougherty*, for plaintiffs in error.

*W. Banks*, on the same side.

*R. S. Holt*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

This was an action on the case, to which the defendant

pleaded the statute of limitations. To this plea the plaintiffs replied, that one of the plaintiffs was a *feme covert*, and the other plaintiffs were infants from the time the cause of action accrued until within three years next before action brought. The defendant demurred to this replication, and insists that the fourth section of the statute of limitations of 1844, (Hutch. Code, 830,) establishes the case in his favor. The plaintiffs in error contend that the exception contained in the 7th section of the statute of limitations of 1822, (Rev. Code, 184,) in favor of minors and *femes covert*, has not been repealed and still exists, and that they are entitled to the benefit of that exception.

This view of the law is sustained by the opinion of the court in the case of *White* v. *Johnston*, 1 Cushman's R. 68, in which it was distinctly held that the proviso in the act of 1822, in favor of minors and married women, was not repealed by the act of 1844; but that the same was applicable to the class of cases embraced by the fourth section of that act. The decision of the circuit court was made upon a different construction of the acts of limitation, and is, therefore, erroneous. Let the judgment of the circuit court sustaining the demurrer be reversed, and the cause remanded for further proceedings.